IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN J. TIERNEY,                                    3:11-CV- 01086 RE

Plaintiff,                          **OPINION AND ORDER**

v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

Defendant.

**REDDEN,** Judge:

Plaintiff Kathleen Tierney ("Tierney") brings this action to obtain judicial review of a

final decision of the Commissioner of the Social Security Administration ("Commissioner")

denying her claim for disability insurance benefits ("DIB"). For the reasons set forth below, the

decision of the Commissioner is reversed and this matter is remanded for the calculation and

payment of benefits.

1  - OPINION AND ORDER

## BACKGROUND

Born in 1948, Tierney completed high school, and alleges disability since August 2, 2006, due to major depressive disorder and post-traumatic stress disorder ("PTSD"). Her application was denied initially and upon reconsideration. After a August 2010 hearing, an Administrative Law Judge ("ALJ") found her not disabled. Tierney's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

Because Tierney's insured status for DIB expired on December 31, 2009, the relevant period for this case is from August 2, 2006, the date Tierney alleges she became unable to work, and December 31, 2009, her date last insured. Tr. 117, 181.

## ALJ's DECISION

The ALJ found Tierney had the medically determinable severe impairments of depression and PTSD. Tr. 16-18.

The ALJ determined that Tierney retained the residual functional capacity to perform a full range of work at all exertional levels that did not require her to work with the public and involved only occasional and casual interaction with coworkers. Tr. 19.

The ALJ found that Tierney was unable to perform any past relevant work, but retained the ability to perform other work, including file clerk and general office clerk. Tr. 25.

The medical records accurately set out Tierney's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

/ / /

2 - OPINION AND ORDER

## DISCUSSION

Tierney contends that the ALJ erred by improperly rejecting a Veterans' Administration ("VA") disability rating.

## I. The VA Rating Decision

An ALJ must ordinarily give great weight to a VA determination of disability unless the ALJ identifies "persuasive, specific, and valid reasons" for giving less weight to such a determination. *McCartey v. Masssanari,* 298 F.3d 1072, 1076 (9th Cir. 2002), *Berry v. Astrue,* 622 F.3d 1228, 1236 (9th Cir. 2010).

Tierney was granted 70% service connection disability and individual unemployability by the VA effective July 31, 2007. Tr. 198. Mark G. Dillon, Ph.D., examined Tierney on August 27, 2008. Tr. 554-57. He stated, in part:

> There is certainly a possibility that if she were placed in a low-stress with [sic] environment with few people around her that she would be able to perform adequately. She certainly seems to have the intellectual functioning to work, it is the ability to manage her physical environment and the people around her that make her unemployable.... The veteran's symptoms are long-term and chronic. She has undergone medical management, group therapy, and individual treatment with some benefit, but she continues to be highly symptomatic. It is not likely that her symptoms will significantly improve in the foreseeable future.

Tr. 556-57.

/ / /

/ / /

/ / /

/ / /

3 - OPINION AND ORDER

The ALJ noted the VA rating and stated:

> In this case, the undersigned finds the VA incorrect in its conclusion
> [sic] the claimant to be unable to secure or follow a substantially
> gainful occupation as a result of her service-connected disabilities.
> The VA's conclusion is inconsistent with the findings of its own
> treatment provider, Dr. Dillon, who opined that if the claimant were
> placed in a low stress environment with few people around her, the
> claimant would be able to perform adequately.

Tr. 24.

The VA's conclusion regarding Tierney's disability is not inconsistent with Dr. Dillon's opinion. The ALJ's reason for rejecting the VA rating is not persuasive or valid.

The Commissioner argues that the ALJ properly considered the VA disability rating in context with the rest of the record, citing *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685 (9th Cir. 2009). The *Valentine* court found that an ALJ was "justified in rejecting the VA's disability rating on the basis that she had evidence the VA did not, which undermined the evidence the VA did have." *Id.* at 695.

However, in this case, the ALJ did not reject the VA disability rating because it conflicted with other evidence. The ALJ rejected the VA disability rating on the erroneous assertion that it was internally inconsistent. The Commissioner is not allowed to advance a *post hoc* rationale as a basis for upholding the ALJ's finding. *Pinto v. Massanari,* 249 F.3d 840 (9th Cir. 2001).

The ALJ failed to articulate persuasive, specific and valid reasons to give no weight to the VA disability and unemployability determinations

## II. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir.

2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's failure to credit the VA disability rating is erroneous for the reasons set out above.

/ / /

/ / /

/ / /

## CONCLUSION

For these reasons, the ALJ's decision that Tierney is not disabled is not supported by substantial evidence. The decision of the Commissioner is reversed and this case is remanded for the calculation and payment of benefits.

IT IS SO ORDERED.

Dated this _____ day of November, 2012.

JAMES A. REDDEN
United States District Judge

6  - OPINION AND ORDER